IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HECTOR PAZ, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. B-07-036 |
| | § | |
| CASTELLINI COMPANY, L.L.C., | § | |
| | § | |
| Defendant. | § | |

**OPINION & ORDER**

BE IT REMEMBERED that on November 8, 2007, the Court considered Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. No. 2, Plaintiff's Response to Defendant's Motion to Dismiss, Dkt. No. 8, and Plaintiff's Supplemental Response to Defendant's Motion to Dismiss, Dkt. No. 16.

I.    **Background**

On May 3, 2006, Hector Paz ("Paz" or "Plaintiff") was driving on Interstate 71 in the state of Kentucky and became involved in a motor vehicle accident involving a tractor-trailer owned and operated by Castellini Company, L.L.C. ("Castellini" or "Defendant").  Dkt. No. 1, Ex. A at 4; Dkt. No. 2, at 2.  Plaintiff maintains that Defendant's employee operated the tractor-trailer "in a negligent manner [which] resulted in Defendant's vehicle colliding with the rear of the vehicle that Plaintiff was towing, which in turn was propelled in Plaintiff's vehicle."  Dkt. No. 1, Ex. A at 4.  Plaintiff asserts that Defendant is liable to Plaintiff for its employee's conduct, under the doctrine of respondeat superior, and Plaintiff also alleges a cause of action for negligent entrustment.  *Id.*

Paz is a resident of Brownsville, Texas.  *Id.* at 3–4.  Castellini is a Delaware corporation and has its principal place of business in Kentucky.  *Id.* at 3; Dkt. No. 1, at 1–2. Plaintiff originally filed suit in the 197th Judicial District Court of Cameron County, Texas.

In his petition,[1] Paz asserted that "Defendant is subject to jurisdiction in the State of Texas, and in the Southern District, because it consented to jurisdiction by designating an agent under the Federal Motor Carrier Act, 49 U.S.C. § 13304." Dkt. No. 1, Ex. A at 3. Paz also averred that he believes, through information obtained on Castellini's website, that Castellini operates its trucks throughout Texas highways, conducts substantial business in Texas, and transports goods to Texas. *Id.* at 4.  Thus, Paz maintained that Castellini is subject to jurisdiction in Texas in this action. *Id.*  Thereafter, Defendant filed a Notice of Removal in this court on the basis of diversity of citizenship. Dkt. No. 1.  At the same time it filed for removal, Defendant filed the instant motion to dismiss on the basis of lack of personal jurisdiction. Dkt. No. 2.  Plaintiff opposes Defendant's position and has responded to the motion.  Dkt. Nos. 8, 16.

Castellini contends that it does not have any ties to Texas that warrant it being subjected to the jurisdiction of Texas courts.  Specifically, it maintains that it is a motor carrier engaged in interstate commerce, but it only operates in eight states. Dkt. No. 2, Ex. B at 1–2.  Castellini declares that it does not engage in any kind of business in Texas,  nor does it advertise that it conducts business in Texas. *Id.*  It also maintains that Plaintiff is mistaken in his belief that Castellini engages in business in Texas because the website to which Plaintiff refers in his petition and his response to the instant motion pertains to the Castellini Group of Companies ("Castellini Group"), to which Defendant belongs. *Id.* at 2; Dkt. No. 16, Ex. 1.  Defendant states that the website includes information on the entire Castellini Group, and some companies within the Group "can provide logistics services . . . for cargo hauls in the 48 contiguous states." Dkt. No. 2, Ex. B at 3.  However, Castellini maintains it does not provide logistics services in Texas, nor does the website represent such information. *Id.  See* Dkt. No. 16, Ex. 1.  Furthermore, Castellini avers that its designation of an agent for service of process pursuant to 42 U.S.C. § 13304(a), without more, does not establish personal jurisdiction over the company in Texas. Dkt. No. 2, at 3–9.  Specifically, Castellini asserts that the Eighth Circuit Court of Appeals opinion upon

---

[1]Because Plaintiff initially filed this suit in state court, Plaintiff's active complaint is styled "Plaintiff's Original Petition."  Dkt. No. 1, Ex. A at 3.  Thus, the Court will refer to this pleading as a petition, rather than a complaint.

which Paz relies in support of personal jurisdiction is distinguishable and should not be applied to the present case.

In his response, Paz contends that jurisdiction over Castellini exists in this case because (1) Castellini has consented to jurisdiction in Texas pursuant to 42 U.S.C. § 13304, and (2) Castellini is subject to jurisdiction in Texas under the "alter ego" and "functional whole" doctrines of the minimum contacts inquiry. Dkt. Nos. 8, 16. This Court will address Paz's asserted bases of jurisdiction separately.[2]

## II.    Personal Jurisdiction Standards and the Motor Carrier Act

When a defendant seeks dismissal for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b), the plaintiff bears the burden of establishing jurisdiction.  *See* Prod. Promotions, Inc. v. Cousteau, 495 F.2d 483, 490 (5th Cir. 1974), *overruled on other grounds*, Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702–03 (1982), *as stated in* Burstein v. State Bar of California, 693 F.2d 511, 518 n.12 (5th Cir. 1982).  Courts usually resolve personal jurisdiction issues "without conducting a hearing," and "the party seeking to assert jurisdiction is required only to present sufficient facts to make out a *prima facie* case supporting jurisdiction."  Cent. Freight Lines Inc. v. APA Transp. Corp., 322 F.3d 376, 380 (5th Cir. 2003); Ham v. La Cienega Music Co., 4 F.3d 413, 415 (5th Cir. 1993).  Furthermore, the Court must accept the plaintiff's uncontradicted assertions as true and must resolve all factual conflicts in the plaintiff's favor.  *See APA Transp. Corp.*, 322 F.3d at 380; Stripling v. Jordan Prod. Co., 234 F.3d 863, 869 (5th Cir. 2000).  After a plaintiff has met its prima facie burden, the burden shifts to the defendant to present a compelling reason why establishing jurisdiction over it would be unreasonable.  Verizon Directories Corp. v. Cohen, Jayson & Foster, P.A.,

---

[2]In his response, Paz requested that this Court defer ruling on Castellini's motion to dismiss so that it could conduct discovery and file a supplemental response. Dkt. No. 8, at 1.  Accordingly, this Court has deferred ruling on the motion and has considered Paz's supplemental response.  Although the parties have some depositions and discovery pending, *see* Dkt. Nos. 13, 14, 15, 17, this Court's ruling is based on legal grounds, as explained below.

Civ. Action No. 3:06-CV-2394-L, 2007 WL 2162105, at *1 (N.D. Tex. July 27, 2007) (citing Burger King Corp. v. Rudzewicz, 471 U.S. 462, 477 (1985)).

### A.    Motor Carrier Act

In the present case, Plaintiff maintains that Defendant has consented to jurisdiction because it designated an agent for service of process pursuant to the Motor Carrier Act, 42 U.S.C. § 13101 *et seq.*  Dkt. No. 8, at 1–3.  Under § 13304(a) of the Act,

> [a] motor carrier or broker providing transportation subject to jurisdiction under chapter 135 . . . shall designate an agent in each State in which it operates by name and post office address on whom process issued by a court with subject matter jurisdiction may be served in an action brought against that carrier or broker.

42 U.S.C. § 13304.  Plaintiff primarily relies on *Ocepek v. Corporate Transport, Inc.* from the Eighth Circuit as support for his contention.  950 F.2d 556 (8th Cir. 1991); Dkt. No. 1, Ex. A, at 3; Dkt. No. 8, at 1–3.  Defendant argues that such case law is distinguishable from the instant action.  Dkt. No. 2, at 3–9.  Case law supporting Plaintiff's contention has arisen outside of this circuit, and this Court has found that the Fifth Circuit Court of Appeals has not directly addressed this issue.

### B.    Eighth Circuit Case Law

Although Plaintiff relies on *Ocepek*, in that case the Eighth Circuit Court of Appeals expanded on dicta expounded in *Knowlton v. Allied Van Lines, Inc.*, 900 F.2d 1196 (8th Cir. 1990).  In *Knowlton*, Mary Knowlton, a Minnesota resident, brought suit in Minnesota against Allied Van Lines, an Iowa corporation, for a motor vehicle accident that occurred in Iowa.  900 F.2d at 1197.  At the time of the accident, Allied engaged in business in Minnesota and had designated an agent to receive service of process in Minnesota, pursuant to the state's Foreign Corporation Act, MINN. STAT. § 303 *et seq.*  *Knowlton*, 900 F.2d at 1197–98.  The district court determined that personal jurisdiction did not exist over Allied under the state's long-arm statute because there was no connection between the cause of action and Allied's business in Minnesota, and designation of an agent for service of process was not enough to constitute consent to jurisdiction.  *Id.* at 1198.  The Eighth Circuit Court reversed and remanded, holding that "appointment of an agent for service of

-4-

process under § 303.10 [of the state's Foreign Corporation Act] gives consent to the jurisdiction of Minnesota courts for any cause of action, whether or not arising out of activities within the state." *Id.* at 1200.  The court stated that although "[a]ppointment of a registered agent for service is not one of the specific types of consent listed by the Supreme Court in the case [relied upon] . . . it is nevertheless a traditionally recognized and well-accepted species of general consent, possibly omitted from the Supreme Court's list because it is of such long standing as to be taken for granted." *Id.*  The court also stated that it "appears that Allied has consented to suit in Minnesota under 49 U.S.C. § 10330," which is the predecessor statute to 49 U.S.C. § 13304, and the court noted that designation of an agent under that statue would also operate as consent to personal jurisdiction. *Id.*

In *Ocepek*, decided one year later, the Eighth Circuit revisited its dicta in *Knowlton* concerning the Motor Carrier Act.  *Ocepek*, 950 F.2d at 556.  Frank Ocepek, a citizen of Missouri, filed suit in Missouri against Corporate Transport, Inc., a New York corporation, for a motor vehicle accident that occurred in Ohio.  *Id.*  Ocepek served Corporate Transport's agent for service of process that it had designated pursuant to 49 U.S.C. § 10330.  *Id.*  Corporate Transport engaged in business in Missouri.  *Id.* at 560.  The district court dismissed the action for lack of personal jurisdiction over Corporate Transport, finding that the corporation did not have minimum contacts sufficient to warrant the suit being filed in Missouri pursuant to the state's long-arm statute.  *Id.* at 556–57.  The court did not address jurisdiction under the Motor Carrier Act.  *Id.* at 557.  On appeal, Corporate Transport averred that it had limited its agent's authority to receive process in Missouri only for causes of action arising in Missouri.  *Id.* at 558.  The Eighth Court of Appeals disagreed with Corporate Transport's argument and held that it was unable to limit its designation of an agent for service of process under the Motor Carrier Act.  *Id.*  Before reaching that holding, the court considered its dicta in *Knowlton* and stated that if the question directly before it were whether an unlimited designation under the Act would equal consent to jurisdiction, the court would answer that question in the affirmative.  *Id.*

Since that time, courts within the Eighth Circuit have issued opinions that have relied heavily on the reasoning in *Knowlton* and *Ocepek*.  *E.g.*, Foster v. Air Wis. Airlines Corp., No. Civ. 05-1391 (PAM/JSM), 2005 WL 2977814 (D. Minn. Nov. 7, 2005).  Some courts

outside the Eighth Circuit are also in accordance with the reasoning of these opinions.[3]
*See*, *e.g.*, McKamey v. Vander Houten, 744 A.2d 529 (Del. Super. Ct. 1999).

**C.    *Fifth Circuit Cases Regarding Consent to Jurisdiction***

In contrast to the Eighth Circuit's precise holding in *Knowlton*, the Fifth Circuit Court of Appeals has held that designation of an agent for service of process pursuant to the Texas Business Corporation Act, without more, does not constitute consent to the jurisdiction of Texas courts.  Wenche Siemer v. Learjet Acquisition Corp., 966 F.2d 179 (5th Cir. 1992).   *See* Fielding v. Hubert Burda Media, Inc., 415 F.3d 419, 429 (5th Cir. 2005).  In *Wenche Siemer*, residents of Greece and other European countries filed a wrongful death suit against Learjet, a Delaware corporation with its principal place of business in Kansas, concerning an airplane crash in the Egyptian desert.  966 F.2d at 180.  Learjet did not engage in business directly in Texas, and it did not hold a certificate allowing it to do business within the state.  *Id.* at 181.   Plaintiffs argued that service on a designated agent within the state of Texas, without more, satisfied due process requirements and conferred general personal jurisdiction over the defendant.  *Id.* at 180–81.  The court disagreed with the plaintiffs' position and affirmed the district court's dismissal of the case for lack of personal jurisdiction.  *Id.* at 180, 184.  The court stated that "[n]ot only does the mere act of registering an agent not create Learjet's general business presence in Texas, it also does not act as consent to be hauled into Texas courts on any dispute with any party anywhere concerning any matter."  *Id.* at 183.  Additionally, the court declared "that the appointment of an agent for process has not been a waiver of [Learjet's] right to due process protection."  *Id.*  Furthermore, "a foreign corporation that properly complies with the Texas registration statute only consent to personal jurisdiction where such jurisdiction is constitutionally permissible.  Due process . . . is a flexible concept that varies with the particular situation."  *Id.*

---

[3]For treatment of the Motor Carrier Act in accordance with *Knowlton* and *Ocepek*, but decided approximately fifty years prior, *see* Wynne v. Queen City Coach Co., 49 F. Supp. 103 (D.N.J. 1943) and Sansbury v. Schwartz, 41 F. Supp. 302 (D.D.C. 1941).

Since *Wenche Siemer*, other federal and state courts within the circuit have adhered to this reasoning.  *See* Norfolk S. Ry. Co. v. The Burlington N. and Santa Fe Ry. Co., No. Civ. A. 2:03-00516, 2005 WL 1363210, at *2 (S.D. Miss. June 2, 2005) (stating that registering and being qualified to do business in Mississippi and appointing an agent for service pursuant to state statute are insufficient factors to establish general personal jurisdiction);  Leonard v. USA Petroleum Corp., 829 F.Supp. 882, 887–88 (S.D. Tex. 1993) (noting that "courts have long held that a corporation's consent to jurisdiction by registering and appointing an agent is no more than 'mere fiction'" and criticizing *Knowlton* by stating that "[a] state-compelled waiver of due-process rights is never taken for granted"); Juarez v. United Parcel Service de Mexico S.A. de C.V., 933 S.W.2d 281, 285 (Tex. App. 1996) ("We agree that the designation of an agent for service of process in Texas does not amount to a general consent to jurisdiction, and is merely one of many factors to be considered in determining whether minimum contacts exist.").

There have been very few cases within the Fifth Circuit dealing with the question of consent to jurisdiction directly pursuant to the Motor Carrier Act, and this Court finds no binding precedent regarding this question.  However, this Court finds *Lyons v. Swift Transportation Co.* persuasive, in which a district court for the Eastern District of Louisiana considered an issue similar to that involved in the instant matter.  No. 01-0209, 2001 WL 1153001 (E.D. La. Sept. 26, 2001).  Mable Lyons, a Louisiana resident, filed suit against Norfolk Southern Railway Company, a Virginia corporation, Amtrak, a District of Columbia corporation, Swift Transportation Company, Inc., an Arizona corporation, and the estate of Delbert Bissell for causes of action arising from a collision in Mississippi between an Amtrak train and a tractor trailer owned and operated by Swift.  *Id.* at *1.  Swift moved for dismissal based on lack of personal jurisdiction.  *Id.*  Swift had designated an agent for service in Louisiana pursuant to the Motor Carrier Act.  *Id.* at *4.  Additionally, some of Swift's trucks occasionally traveled through and delivered goods in Louisiana.  *Id.* However, the plaintiff did not present any evidence of the volume or frequency of Swift's business contacts with the state.  *Id.* After finding that Swift did not have sufficient contacts with Louisiana to establish general personal jurisdiction, the court considered Lyons' argument that Swift's designation of an agent for service in Louisiana pursuant to the Motor

Carrier Act constituted Swift's consent to suit in Louisiana for any and all actions. *Id.* at *5. Swift maintained that its designation of an agent was only consent to causes of action that arose in Louisiana. *Id.*

The court considered Lyons' argument in favor of establishing jurisdiction pursuant to *Knowlton* and *Ocepek*, but found the argument to be contrary to Fifth Circuit precedent. *Id.* at *5–7. Based upon the Fifth Circuit's reasoning in *Wenche Siemer*, the court was "not persuaded that the Fifth Circuit would depart from *Wench[e] Siemer* based on the distinction between designating an agent for service of process under the Motor Carrier Act and designating one under a state statute." *Id.* at *7. Additionally, because *Wenche Siemer* had essentially rejected the principle of consent to jurisdiction set forth in *Knowlton*, and *Ocepek* had expanded upon *Knowlton*, the *Lyons* court reasoned that the Fifth Circuit would also decline to extend the *Knowlton* principles in the manner that the Eighth Circuit had done in *Ocepek*. *Id.* Therefore, the *Lyons* court held that Swift had not consented "to personal jurisdiction in Louisiana for suits arising outside Louisiana when it designated an agent for service of process pursuant to the Motor Carrier Act." *Id.*

### III.   Analysis of Paz's and Castellini's Arguments Under the Motor Carrier Act

In the present case, Paz contends that Castellini's designation of an agent for service of process in Texas automatically establishes personal jurisdiction over the company in this action. Dkt. No. 8, at 1–3; Dkt. No. 16. *See* Dkt. No. 1, Ex. A at 3. Specifically, Paz relies on the Eighth Circuit Court's analysis of the Motor Carrier Act in *Ocepek*. Furthermore, Paz avers that the Interstate Commerce Commission intended for service upon an agent designated pursuant to the Motor Carrier Act to unequivocally constitute consent to jurisdiction. Dkt. No. 16, at 2. In support, Paz provides the 1994 *Revision of Licensing Application Forms and Corresponding Regulations*, in which the Commission stated that, as the regulations existed at that time,

> agent designations will continue to be required for each State *in which a carrier is authorized to operate and each State traversed during such operations . . . .* Service of process on a carrier's Section 10930(b) agent establishes personal jurisdiction over the defendant carrier. We are not prepared to adopt the suggestion in the comments that State long-arm statutes satisfy the requirements of Section 10930(b). Such statutes require a connection between the cause of action and business

conducted by a defendant within the State and, thus, may require a specific showing that a defendant carrier has had minimum contacts within the State. We do plan to further explore either using long arm statues or our expanded exemption authority under 49 U.S.C. 10505 *to eliminate the process agent requirement*. We will consider opening a separate proceeding devoted to this subject in the near future.

10 I.C.C.2d 386, 394–95 (1994); 1994 WL 693930 (I.C.C.), at *6–7 (1994) (emphasis added) (internal citations omitted). The Commission cites to *Knowlton* and *Ocepek* in support of its position. *Id.*

Castellini maintains that mere designation of an agent for service does not satisfy consent to jurisdiction. Dkt. No. 2. In an affidavit provided by Castellini's Corporate Safety Director,[4] Castellini states that it employs Service of Process Agents, Inc. ("SPA"), a national service agency, as its designated agent for service of process in all states in which it operates. Dkt. No. 2, Ex. 1 at 1. Because SPA is a national agency, "Castellini can make a blanket designation with the Federal Motor Carrier Safety Administration in filing the BOC-3 form that designates a service of process agent for each state in which the motor carrier operates. . . . [U]sing a natio[n]al process agent and making a blanket filing under Form BOC-3 assures Castellini of receiving lawsuit papers regardless of the state in which [it is] sued " *Id.* at 1–2. Essentially, Castellini maintains that the only reason it designated an agent for service in Texas was to utilize the benefit of hiring a national service agency and be able to be provided with prompt notice of any suit that may have been filed against it within the state, despite that it does not operate in Texas.

Section 13304 of the Motor Carrier Act requires a carrier to designate an agent for service "in each State *in which it operates.*" 42 U.S.C. § 13304(a) (emphasis added). Cases that have examined consent to jurisdiction under the Act have dealt with fact scenarios where the defendant carrier engaged in operations in the forum state. *See Lyons*, 2001 WL 1153001 at *4; *Ocepek*, 950 F.2d at 560; *Knowlton*, 900 F.2d at 1197–98.

_____

[4]In his response, Paz objects to this affidavit on the bases that the affidavit does not contain a "true and correct" statement and the affiant does not explain how he attained the knowledge recited. Dkt. No. 8, at 5. This Court overrules Paz's objections. Furthermore, even if this Court were to sustain Paz's objection, he has still failed to meet his prima facie burden, as discussed *infra*.

Additionally, the defendants' arguments against jurisdiction focused on limitations to designated agents' abilities to receive service for actions arising outside of the forum state. *See Lyons*, 2001 WL 1153001 at *5; *Ocepek*, 950 F.2d at 558.   In contrast, the instant action involves a carrier engaged in interstate commerce in only eight states, none of which is Texas.   No evidence has been presented by Paz that Castellini engages in any kind of operations in Texas.[5]   Castellini utilized a national service agency to designate agents in the states in which it operates.   Dkt. No. 2, Ex. 1 at 1–2.   As a result of using a national service agency, Castellini was also able to make a blanket designation of this agency as its agent for service in all states.   *Id.   See* Dkt. No. 1, at 9; Dkt. No. 16, Ex. 2.   Although Castellini does not operate in all of the 48 contiguous states, it utilized a blanket designation in order to receive prompt notice of any suits filed against it.   *Id.*

This Court declines to adopt Paz's argument that Castellini's designation described *supra*, without more, is enough to confer personal jurisdiction in this matter.   The Motor Carrier Act requires carriers who operate in particular states to designate an agent for service in those states.   49 U.S.C. § 13304(a).   This Court recognizes the rationale behind the statute: Congress intended to make service of process upon interstate motor carriers relatively easy for individuals who become involved in motor vehicle accidents involving the carriers.   *See Ocepek*, 950 F.2d at 559.   This rationale makes jurisdictional sense when, as the statue states, a carrier actually operates in the forum state.   However, interpreting the statue so as to mean that a designation of an agent automatically confers personal jurisdiction in any and all states—even those in which the carrier does not enter or operate—does not.   To hold that a designation such as Castellini's would be sufficient for it to be dragged into Texas courts grates against notions of fair play and substantial justice inherent in the concept of personal jurisdiction.

Moreover, this Court is in accordance with the district court in *Lyons* regarding how the Fifth Circuit Court might approach the instant question, considering *Ocepek*'s origins in *Knowlton* and the Fifth Circuit Court's rejection of the principles of the *Knowlton* holding.

---

[5]Indeed, as discussed *infra*, Paz has asserted that the actions of Castellini's parent company be used to impute jurisdiction to Castellini.

*See Lyons*, 2001 WL 1153001 at *6–7.  Therefore, based on the foregoing analysis, this Court concludes that the principles of *Knowlton* and *Ocepek* should not be extended to Castellini in the instant action.  *Lyons*, 2001 WL 1153001 at *7.

## IV.   Personal Jurisdiction Pursuant to the Texas Long-Arm Statute

Castellini's ability to be subjected to jurisdiction of Texas courts may also be analyzed under the Texas long-arm statute.  Because the Texas long-arm statute extends personal jurisdiction to the constitutionally permissible limits of due process, this Court must determine whether the exercise of personal jurisdiction over Castellini would comport with due process.  *See APA Transp. Corp.*, 322 F.3d at 380; *Ham*, 4 F.3d at 415.  Due Process has two requirements: (1) the defendant must have sufficient "minimum contacts" with the forum state, "established when a nonresident defendant 'purposefully avails himself of the benefits and protections of the forum state;'" and (2) the exercise of personal jurisdiction over the nonresident defendant must not offend "traditional notions of fair play and substantial justice."  Sarmiento v. Producer's Gin of Waterproof, Inc., 439 F.Supp.2d 725, 728 (S.D. Tex. 2006) (quoting Marathon Oil Co. v. A.G. Ruhrgas, 182 F.3d 291, 294–95 (5th Cir. 1999)); *Ham*, 4 F.3d at 415 (citing Asahi Metal Indus. v. Superior Court, 480 U.S. 102 (1987)); *Burger King Corp*, 471 U.S. 462 (1985).  *See also APA Transp. Corp.*, 322 F.3d at 380–81; *Ham*, 4 F.3d at 415.  "Minimum contacts" can be established by either of two methods, specific jurisdiction or general jurisdiction.  *See APA Transp. Corp.*, 322 F.3d at 381; *Sarmiento*, 439 F.Supp.2d at 728.  Additionally, under the second prong of the due process analysis, a court should consider the following factors in determining whether the exercise of personal jurisdiction would offend notions of fair play and substantial justice: "(1) the defendant's burden; (2) the forum state's interest; (3) the plaintiff's interest in convenient and effective relief; (4) the judicial system's interest in efficient resolution of controversies; and (5) the state's shared interest in furthering social policies."  *Verizon Directories Corp.*, 2007 WL 2162105, at *4 (citing *Asahi Metals Indus. Co.*, 480 U.S. at 112).

### A.   Specific Jurisdiction

Specific jurisdiction requires only that the nonresident defendant have purposeful contacts with the forum state which "arise from or are directly related to the cause of action." *APA Transp. Corp.*, 322 F.3d at 381; *Sarmiento*, 439 F.Supp.2d at 728–29. A "defendant's connection with the forum state must be such that he 'should reasonably anticipate being haled into court' there." *Lyons*, 2001 WL 1153001 at *2 (quoting Latshaw v. Johnston, 167 F.3d 208, 211 (5th Cir. 1999)). In the present case, the causes of action alleged arise out of a motor vehicle accident that occurred in Kentucky, not Texas. No part of Paz's claim arose out of any actions taken in Texas. Thus, specific jurisdiction does not exist in this action. *See Lyons*, 2001 WL 1153001 at *3 (finding that specific jurisdiction did not exist in Louisiana when the accident giving rise to the claim occurred in Mississippi and none of the defendants' actions in Louisiana gave rise to the plaintiff's cause of action).

## B.   *General Jurisdiction*

General jurisdiction is established when the nonresident defendant has substantial contacts with the forum state, which are continuous and systematic, but which are not related to the pending litigation. *See APA Transp. Corp.*, 322 F.3d at 381; *Sarmiento*, 439 F.Supp.2d at 729. "Due process requires that 'continuous and systematic' contacts exist between the state and the foreign corporation to exercise general personal jurisdiction because the forum state does not have an interest in the cause of action." *Lyons*, 2001 WL 1153001 at *3 (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 415–16 (1984)).

In the present case, Paz has presented no evidence that Castellini has engaged in continuous and systematic contacts with Texas. Although Paz originally stated in his petition that he believed Castellini conducted business in Texas based on information gathered from the company's website, Castellini responded by declaring that the website observed by Paz was the website for the Castellini Group of Companies, and not Castellini itself. Dkt. No. 2, Ex. B at 3. Castellini states that the website offers information on the entire Castellini Group of Companies, and the website does not represent that Castellini does business in Texas. *Id. See* Dkt. No. 16, Exs. 1, 2. In response to these statements,

Paz only asserts jurisdiction based upon the alter ego and/or functional whole theories of jurisdiction.  Dkt. No. 8, at 4.

       *i. Alter Ego and/or Functional Whole Theories*

       Under the alter ego or functional whole theories of jurisdiction, jurisdiction may exist over a foreign parent corporation if one of its subsidiaries is present or conducts business in the forum state and the parent corporation exerts such control over its subsidiary that the parent itself may be considered to actually be conducting business via the subsidiary's actions.  *Bellorin v. Bridgestone/Firestone, Inc.*, 236 F. Supp. 2d 670, 679 (W.D. Tex. 2001); *Daimler-Benz Aktiengesellschaft v. Olson*, 21 S.W.3d 707, 720 (Tex. App. 2000).  However, a subsidiary's mere presence or business operations are not enough to automatically impute jurisdiction to the parent corporation.  *Bellorin*, 236 F. Supp. 2d at 679.  Instead, the "degree of control exercised by the parent must be greater than normally associated with common ownership and directorship" in order for imputation to apply.  *Id.*  A court should consider several factors, such as whether daily operations between the two companies are separate, whether the companies are distinct financial units, stock ownership, and whether the companies share corporate officers.  *Id.*  Other factors are also instructive on the issue.  *Id.*

       Paz avers that the contacts of Castellini's parent company, the Castellini Group of Companies, should be attributed to Castellini itself in order to create jurisdiction over it in the present action.  Dkt. No. 8, at 4–5.  Paz relies on *Bellorin*, *Olson*, and *Jones v. Beech Aircraft*, 995 S.W.2d 767, 771 (Tex. App. 1999) as support for his position.  *Id.*

       This Court determines that Paz's reliance on the alter ego or functional whole doctrines is misplaced.  As discussed in *Bellorin*, *Olson*, and *Jones*, the theories involve imputing jurisdiction *upon a parent corporation* based upon the contacts of a subsidiary and the amount of control the parent exerts over the subsidiary.  *Bellorin*, 236 F. Supp. 2d at 679–80 (discussing the contacts and operations of Bridgestone's subsidiaries in order to determine whether personal jurisdiction over Bridgestone existed); *Olson*, 21 S.W.3d at 720–23 (examining whether Daimler-Benz conducted business through a subsidiary to such an extensive level that Daimler-Benz and its subsidiary were a functional whole sufficient to create jurisdiction over Daimler-Benz); *Jones*, 995 S.W.2d at 771–73

(analyzing whether jurisdiction over Beech existed as a result of its relationship with its subsidiaries).  Thus, jurisdiction is imputed from the bottom to the top of the corporate chain.  However, Paz is attempting to do the opposite in this action: he asserts that the activities of the parent corporation, Castellini Group of Companies, should be imputed to its subsidiary, Castellini Company, L.L.C.  Dkt. No. 8, at 4–5.  Furthermore, the parent corporation is not a party to this action, and Paz has not attempted to add it to this suit. Paz has not cited any authority in support of his altered version of the alter ego and functional whole doctrines.  Therefore, this Court finds that Paz has not alleged a legally viable method of establishing jurisdiction over Castellini based upon the actions of its parent corporation.[6]

## V.   Request to Transfer

Castellini requests that this Court transfer the instant action to the United States District Court for the Eastern District of Kentucky, instead of dismissing the case as a result of lack of personal jurisdiction.  Dkt. No. 2, at 9.  The accident giving rise to this suit occurred in Trimble County, Kentucky and Castellini has its principal place of business in Kentucky.  Dkt. No. 1, at 9; Dkt. No. 2, at 9.  Trimble County, Kentucky is located in the Frankfort Division of the Eastern District of Kentucky.  E.D. Ky., JOINT LOCAL RULES OF CIVIL PRACTICE, LR 3.1(a)(3).

Under 28 U.S.C. § 1631, after a court determines that it does not have jurisdiction over an action, it may, in the interests of justice, transfer the action to another court in which the action could have been brought at the time it was filed.  Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 818 (1988); Patterson v. Spellings, No. 07-10273, 2007 WL 2948663, at *4 (5th Cir. Oct. 10, 2007).  "Section 1631 is an efficiency-oriented provision that governs the transfers of cases between federal courts."  Exton v. Our Farm, Inc., 943 F.Supp. 432, 441 (D.N.J. 1996) (quoting Moravian Sch. Advisory Bd. of St. Thomas v. Rawlins, 70 F.3d 270, 277 (3d Cir. 1985) (Becker, J., concurring and dissenting)

---

[6]Because this Court has determined that Paz has failed to allege or establish that Castellini has sufficient minimum contacts with Texas to warrant general jurisdiction, this Court need not consider the second prong of the due process analysis.

(internal quotations omitted)).  In the interests of justice and judicial economy, this Court finds it appropriate to transfer the instant action to a court of proper jurisdiction and venue, the Eastern District of Kentucky, rather than dismiss the suit entirely for lack of personal jurisdiction.  *See*, *e.g.*, *Verizon Directories Corp.*, 2007 WL 2162105, at *4 (determining that transfer, rather than dismissal, of an action was appropriate and transferring the case to the court in the state in which the defendant has its principal place of business); *Exton*, 943 F.Supp. at 441 (transferring an action to the district in which the defendant resided and in which the events giving rise to the action occurred).

## VI.    Conclusion

Based on the foregoing, this Court concludes that Plaintiff Hector Paz has failed to meet his prima facie burden of establishing personal jurisdiction over Defendant Castellini Company, L.L.C.  Therefore, this Court **GRANTS IN PART Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, Dkt. No. 2.  This Court GRANTS Defendant's motion to the extent it requests a finding of lack of personal jurisdiction and a transfer of the instant action.**

**Accordingly, this Court TRANSFERS** this action to the United States District Court for the Eastern District of Kentucky, Frankfort Division.  This Court **ORDERS** the Clerk of the Court to effect the transfer of this action in accordance with the customary procedure.

DONE at Brownsville, Texas, this 8th day of November, 2007.

Hilda G. Tagle
United States District Judge

-15-